WCH:yw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20139-CR-MIDDLEBROOKS(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

HECTOR EDUARDO AGUILAR,

        Defendant.
_____/

## FINAL ORDER AND JUDGMENT OF FORFEITURE

THIS CAUSE is before the court upon motion of the United States for entry of a Final Order of Forfeiture. Being fully advised in the premises, the Court finds as follows:

1. On March 2, 2007, this Court entered a Preliminary Order and Judgment of Forfeiture [DE #312] in favor of the United States, pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth at 21 U.S.C. § 853, and ordered defendant HECTOR AGUILAR's interest in the following property forfeited to the United States, based on the defendant's guilty plea and agreement regarding forfeiture:

    A) A sum of money equal to $150,000,000.00 in United States currency, representing the amount of money involved in the money laundering offense or proceeds obtained as a result of the illegal narcotics offenses, or conspiracy to commit such offense, for which the defendants are jointly and severally liable;

    B) 65' Hatteras, "King of the Seas," Hull ID: HATDA374A393;

    C) 35' Albin, "Dona Barbara," Hull ID: AUL35229E001;

    D) 40' "Mirage," Hull ID: HZJ40Y01B304.

- E) all the contents of account # 510083205 at Intercredit Bank, Miami, Florida;

- F) all the contents of account # 011278989506, in the name of Natural Beef Company, Inc., at TerraBank Miami, Florida;

- G) all the contents of account # 011287827806, in the name of Consolidated Boat Services, Inc., at TerraBank, Miami, Florida;

- H) $1,559.00 in United States currency; and

- I) $50,000.00 in United States currency, representing the amount of money involved in the money laundering offense or proceeds obtained as a result of the illegal narcotics offenses, or conspiracy to commit such offense.

2. On March 9, 2007, notice to other third parties known to have a legal interest in the property ordered forfeited was mailed as follows:

Mr. Hector E. Aguilar, President
Natural Beef Services, Inc.
11343 SW 87th Terrace
Miami, FL 33173

The return receipt, PS Form 3811, was signed and returned.

3. On May 20, 2008, additional notice to other third parties known to have a legal interest in the property ordered forfeited was mailed as follows:

Thunderbolt Charters, LTD.
c/o CommonWealth Trust Limited
1st and 2nd Floor
Yamrag Building
Road Town, Tortula
VG1110 British, Virgin Islands

Correspondence was received stating that the above referenced corporation no longer exist.

4. On June 1, 2007, a Notice of Forfeiture of the property was published in the <u>Broward Daily Business Review</u>, a newspaper of general circulation. The published notice stated the intent of the of the United States to forfeit all right, title and interest in, and to dispose of, the property identified in said Preliminary Order of Forfeiture; advised all third parties, if any, of their right to

petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the property; and set forth the requirement that anyone seeking to claim an interest in the property to be forfeited must file a petition in conformance with 21 U.S.C. § 853(n)(3), within thirty days after the earlier of the final date of publication of the notice or the receipt of actual notice. The Proof of Publication was filed with this Court on June 8, 2007 [DE #358].

5. On July 9, 2007, a Notice of Forfeiture of the property was published in <u>The Virgin Island Daily News</u>, a newspaper of general circulation. The published notice stated the intent of the of the United States to forfeit all right, title and interest in, and to dispose of, the property identified in said Preliminary Order of Forfeiture; advised all third parties, if any, of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the property to be forfeited must file a petition in conformance with 21 U.S.C. § 853(n)(3), within thirty days after the earlier of the final date of publication of the notice or the receipt of actual notice. The Proof of Publication was filed with this Court on July 20, 2007 [DE #378].

6. The thirty-day time period for filing a claim herein has expired, and it appears from the record that no claims have been filed for the property forfeited herein.

ACCORDINGLY, it is hereby **ORDERED AND ADJUDGED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth at 21 U.S.C. § 853, all right, title, claim and interest in the following property is hereby condemned, forfeited to and vested in the United States of America for disposition in accordance with the law:

   A)  A sum of money equal to $150,000,000.00 in United States currency, representing the amount of money involved in the money laundering offense or proceeds obtained as a result of the illegal narcotics offenses, or conspiracy to commit such offense, for which the defendants are jointly and severally liable;

   B)  65' Hatteras, "King of the Seas," Hull ID: HATDA374A393;

C) 35' Albin, "Dona Barbara," Hull ID: AUL35229E001;

D) 40' "Mirage," Hull ID: HZJ40Y01B304.

E) all the contents of account # 510083205 at Intercredit Bank, Miami, Florida;

F) all the contents of account # 011278989506, in the name of Natural Beef Company, Inc., at TerraBank Miami, Florida;

G) all the contents of account # 011287827806, in the name of Consolidated Boat Services, Inc., at TerraBank, Miami, Florida;

H) $1,559.00 in United States currency; and

I) $50,000.00 in United States currency.

2. The United States Marshals Service, or any other authorized law enforcement official, shall dispose of the forfeited property in accordance with law.

DONE AND ORDERED, in Chambers, at the United States Courthouse, in West Palm Beach, Florida on this 29 day of Sept., 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: AUSA William C. Healy (2 certified copies)